## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **B. TROY BABINCHAK,**<br><br>**Plaintiff,**<br><br>**v**.<br><br>**CHEMICAL LIME COMPANY OF ARIZONA, an Arizona corporation,**<br><br>**Defendant.** | **MEMORANDUM DECISION AND ORDER GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL**<br><br>Civil No.:  2:07-CV-945-TC- DN<br><br>Honorable Tena Campbell<br><br>Magistrate Judge David Nuffer |

Plaintiff filed a motion to compel further responses to his first set of discovery and for a protective order against the taking of his deposition until those answers are provided.[1]  The motion to compel is GRANTED in part and motion for protective order is GRANTED.

The decisions by the magistrate judge are essentially judgment calls based on the parties' arguments about the contextual appropriateness of the discovery requests.  Defendant failed to sign the interrogatory responses under oath as required by Fed. R. Civ. P. 33(b)(3) and (5), so some additional response is required for that reason alone.

### Interrogatories

Interrogatory No. 1 asks for the reasons defendant believes plaintiff was erroneously paid Mortgage Interest Differential Allowance (MIDA) for four months and the course of events that unfolded resulting in some payment and later non-payment.   Defendant claims the documents produced answer the question,[2] and plaintiff says the documents are not fully responsive.[3]

---

[1] Plaintiff's Motion to Compel, docket no. 30, June 10, 2008.

[2] Chemical Lime Company's Memorandum of Points and Authorities for Opposing Plaintiff's Motion to Compel (Opposition Memorandum) at 3, docket no. 35, filed June 25, 2008.

Defendant claims that the interrogatory violates the rule that "[i]nterrogatories should not require the answering party to provide a narrative account of its case."[4]   The interrogatory at issue in that case asked "plaintiff to 'state all facts and identify each and every witness and document that supports [her] allegation' that she 'was denied the position because of her sex and pregnancy in violation of Title VII of the Civil Rights Act of 1964 and the Kansas Act of Discrimination,' as set out in paragraph 26 of her Complaint."[5]   It is a broad question, embracing legal principles.  But the court *did* require a response to the interrogatory.[6]

> She shall, therefore, provide the principal or material facts upon which she supports the allegations in paragraph 26. The interrogatory is not objectionable to that extent. She shall also identify the witnesses and documents which support those allegations, unless she has provided that information in her initial disclosures. In that event she may state in her answer that she has already provided the information . . . .[7]

The interrogatory at issue in this case seeks information on a smaller scale than the interrogatory challenged in the cited case and does not call for "all facts" and "each and every" witness and document.  As in the cited case, verbalization beyond the documents is appropriate. It is not clear that the produced documents speak authoritatively on defendant's position. Defendant will be required to provide a written response to Interrogatory No. 1, signed and under oath.

Interrogatory No. 2 seeks identification of each person who was Project Manager at the Henderson facility, their office location and the percentage of time they spent at other locations

---

[3] Plaintiff's Reply Memorandum in Support of Plaintiff's Motion to Compel at 1-2, docket no. 36, filed July 10, 2008.

[4] *Hiskett v. Wal-Mart Stores, Inc.*, 180 F.R.D. 403, 404 - 405 (D. Kan. 1998) cited in Opposition Memorandum at 3.

[5] *Id.* at 404.

[6] *Id.* at 405.

[7] *Id.*

in the region.  Defendant argues that time spent at other locations is not at issue, *based on defendant's view of the issues*.[8]  But this is an *issue*, as the briefing makes clear.

Defendant says it has no documents and objects that an answer to the interrogatory "would result in an impermissible narrative."[9]  Again this is a mis-statement of the law as applied to this interrogatory.  Defendant will be required to provide a written response to Interrogatory No. 2 signed, and under oath.  Defendant should not re-assert the objection that the term "Project Manager" is vague, as that is a term introduced by defendant.

Interrogatory No. 3 seeks information about Maintenance Managers, which is a position for which plaintiff was interviewed.  Defendant claims that following his interview, plaintiff "was no longer being considered" for that position, and again attempts to filter the discovery through its theory of the case.[10]  Defendant will be required to provide a written response to Interrogatory No. 3 signed, and under oath.

The parties resolved their differences about Interrogatory No. 4.[11]

## Requests for Production

The parties' briefing on requests for production is confusing.  The Reply Memorandum refers to a sequential list of requests which does not correspond to the numbers in the requests themselves or in the Supporting Memorandum.   The Opposition Memorandum refers to Request

---

[8] Opposition Memorandum at 4.

[9] *Id.*

[10] *Id.* at 5.

[11] Reply Memorandum at 2.

No. 1 which is not at issue.[12]  The following discussion refers to requests for production as numbered in the requests[13] and in the Supporting Memorandum.

Request for Production No. 2 seeks "[a]ll internal communications which in any way related to Mr. Babinchak . . . ."[14]  Defendant produced:[15]

Mr. Babinchak's personnel file, reimbursement files, and files of the third-party reimbursement administrator;

Email correspondence related to his complaints about safety issues; and

Email/internal correspondence that related to Mr. Babinchak's offer letter or relocation expenses.

The request, seeking *all* communication is overbroad, because much of it would have no bearing on the issues in the case.  However, the response is too narrow.  Defendant should produce all internal communications which relate to the subjects of Mr. Babinchak's employment, reimbursements and work performance; and related to any safety issues in which he was involved.

Request No. 3 seeks communications with third parties regarding Mr. Babinchak.[16]  Defendant makes the same overbreadth objection in the responses.[17]  Defendant should produce all communications with third parties which relate to the subjects of Mr. Babinchak's

---

[12] Opposition Memorandum at 6.

[13] Chemical Lime Company's Responses to Plaintiff's First Set of Interrogatories, Requests for Admissions, Request for Production of Documents attached as Exhibit C to Plaintiff's Memorandum in Support of Motion to Compel (Supporting Memorandum), docket no. 31, filed June 10, 2008.

[14] Opposition Memorandum at 6.

[15] *Id.*

[16] *Id.*

[17] Responses at 6.

employment, reimbursements and work performance; and related to any safety issues in which he was involved.

Request No. 4 seeks documents related to all claims for reimbursement of relocation expenses by anyone since January 2006.[18]  Defendant objects that plaintiff has made no claim that puts application of the policy with other employees at issue,[19] and that "it is objective and not subjective intent that controls."[20]  Both these statements may be true and exclude evidence at trial but they do not operate at this time to limit discovery.  No ruling has been made on the plain meaning (objective intent) of the relocation policy.  Defendant's practices may be the best indicator of meaning and of the parties' understandings if the language of the contract is not plain.[21]  Defendant should produce the documents requested.

Request No. 5 seeks the personnel files of each individual identified in the disclosures and of Kenneth Cage.[22]  Plaintiff argues that these persons maybe called as witnesses, that they may testify in a manner adverse to defendant, and that defendant will argue the harmful testimony is motivated by the witness's retaliation for a discharge.[23]  At this point, not enough has been offered to justify the potential invasion resulting from production of entire personnel files.  If plaintiff can demonstrate that employment of these persons has terminated; that each intends to testify favorably to plaintiff; and that there is some aspersion which could be cast on the basis for their departure from employment, then production of material pertinent to job

---

[18] Responses at 7.

[19] Opposition Memorandum at 8.

[20] *American-Amicable Life Ins. Co. v. Lawson*, 419 S.W.2d 823, 826 (Tex. 1967).

[21] *Id.*

[22] Responses at 7.

[23] Supporting Memorandum at 9.

performance and termination of employment might be justified.  But no such showing is made now.

Request No. 6 calls for the job description of Maintenance Manager at any facility.[24] Defendant objects again that Mr. Babinchak was not considered for that position, but admitting that the position was on the table when he was interviewed.[25]  Again, defendant is entitled to this theory, but plaintiff is entitled to discovery based on its theory.

Request No. 7 requesting the "job description for the position of Project Manager at any facility" was met with a response that defendant would "produce, if it exists, a job description for [sic] Project Manager position held by Babinchak."[26]  The response is out of sync with the request.  The request was for the job description for the position of Project Manager *at any facility,* not the description for the position held by Babinchak.  Defendant should respond to the request as written.

Request No. 8 seeks information about salaries paid to project manager and maintenance managers since June 2006.[27]  Defendant objects that the request is not limited in geographic scope and that information about maintenance managers is not relevant.[28]  Geographic limitations would not provide comparable data, given the wide geographic scope of Babinchak and his predecessor's service and the absence of evidence of an unreasonable number of managers if geography is ignored.  The irrelevance of maintenance manager salaries may well be established as the case develops at trial but at this stage, it is "relevant to the subject matter

---

[24] Responses at 8.

[25] Opposition Memorandum at 9-10.

[26] Responses at 8-9.

[27] Responses at 9.

[28] Opposition Memorandum at 10.

involved in the action"[29] which the magistrate judge determines is the relevant standard on this issue at this stage of the case.

Request No. 9 seeks documents interpreting defendant's relocation policy.[30]  Defendant objects to the burden because there is no limitation on time and it would require defendant to comb through every relocation file.[31]  However, defendant provides no quantification of the extent of the claimed burden, so the objection must be rejected.[32]  Defendant's objections on relevance fail for reasons stated above.

Request Nos. 10 and 11 seek information related to specific repairs at two facilities.[33] Defendant objects that these are only related to a constructive discharge claim which "fails because he remains employed with the Company."[34]  The magistrate judge declines to rule on the substantive legal arguments advanced in support of this position.[35]  Defendant should respond to these requests as written.

## ORDER

IT IS HEREBY ORDERED that the motion to compel[36] is GRANTED IN PART in that defendant shall respond to the discovery as ordered herein on or before September 26, 2008.

---

[29] Fed. R. Civ. P. 26(b)(1).

[30] Responses at 9.

[31] *Id.* at 9-10.

[32] Opposition Memorandum at 10.

[33] Responses at 10.

[34] Opposition Memorandum at 11.

[35] *Id.*

[36] Plaintiff's Motion to Compel, docket no. 30, June 10, 2008.

IT IS FURTHER ORDERED that the motion for protective order is GRANTED. Defendant shall not take the deposition of plaintiff until the responses to the discovery are provided.

No expenses or attorney's fees are awarded as substantial justification existed for the positions taken by defendant on many of the issues raised in the motion.

DATED this 29th day of August, 2008.

BY THE COURT:

_____
Magistrate Judge David Nuffer
United State District Court